UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-20071-TP-GAYLES**

**UNITED STATES OF AMERICA,**

**v.**

**ALBERT CAMPBELL III,**

    **Defendant.**

    _____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response in Opposition to Defendant's Motion for Termination of Supervised Release ("Motion") (DE:3). The United States opposes the Defendant's Motion, filed *pro se*, and joins with the United States Probation Office in requesting that the Court deny the Defendant's Motion.

    **I.   BACKGROUND**

Defendant Albert Campbell III was a cocaine supplier for a criminal drug organization. As part of the conspiracy, Campbell was accountable for supplying this criminal drug organization a total of 8.08 kilograms of crack cocaine. PSI ¶ 13. One of Campbell's co-Defendants, William Noble, was the head of a cocaine distribution organization ("Noble Organization") operating in Glynn and McIntosh Counties in Georgia. PSI ¶ 4. Campbell and another co-Defendant, Marvin Campbell, were suppliers of cocaine for the Noble organization. PSI ¶ 5. Between April and September 1990, the Noble organization purchased approximately one-quarter to one-half kilogram of crack cocaine per week from co-Defendant Marvin Campbell, who was sent to

Brunswick, Georgia from Miami, Florida with the crack cocaine supplied by Campbell. PSI ¶ 6. The Noble organization purchased at least five kilograms of crack cocaine from Campbell during this period of time. *Id*. Co-Defendant Noble traveled to Miami, Florida to make arrangements with Campbell and receive cocaine and crack cocaine directly from him. PSI ¶ 7. Between September 2, 1991 and January, 1992, the Noble organization received three kilograms of crack cocaine and eight kilograms of cocaine hydrochloride from Campbell.

## II.   PROCEDURAL HISTORY

On February 24, 1995, Campbell, along with his co-Defendants, were indicted with conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (DE:1 at 2-4). On May 19, 1995, Campbell was sentenced to 420 months imprisonment to be followed by a 10-year term of supervised release. *Id*. at 5-9. This sentence was imposed following a trial by jury which found Campbell guilty of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of Title 21, United States Code, Section 846. *Id*. On November 4, 2016, by executive grant of clemency, Campbell's sentence was commuted to expire on March 4, 2017, leaving intact the term of supervised release imposed by the Court with all conditions. *Id*. at 13-14. According to the Bureau of Prison's inmate locater website (https://www.bop.gov/inmateloc/), Campbell was released from custody on March 3, 2017.

Campbell previously filed a motion to terminate his supervised release in 2019, and his request was denied by the District Court of the Southern District of Georgia. *See United States v. Campbell*, No. CR 294-53-1, (S.D. Ga. May 20, 2019). On June 8, 2020, the Defendant filed the instant Motion arguing his supervised release should be terminated early because "[h]e has fully complied with the [C]ourt's express terms of supervision, including abstaining from drug use…fully obeying the law, and diligently complying with the requirements of the Probation

2

Department." (DE:3). Other than his compliance with the conditions of his supervised release, the Defendant offers no reason for why the Court should terminate his term of supervised release.

Campbell has only served approximately forty months of his ten-year term of supervised release, far less than half of the term. Defendant's past involvement in a very significant drug distribution conspiracy cautions against early termination of his supervised release. For these reasons, the government opposes Campbell's Motion. The government maintains that both Campbell and the interests of the community will be served by denying his Motion and continuing his supervised release.

### III.     ARGUMENT

The purpose of supervised release "is to improve the odds of a successful transition from the prison to liberty." *Johnson v. United States*, 529 U.S. 694, 708–9 (2000) (citation omitted). A district court may terminate a term of supervised release after the completion of one year of the term if, after considering specified factors set forth in Title 18, United States Code, Section 3553(a), the court determines such action is both warranted by the defendant's conduct and is in the interests of justice. *See* 18 U.S.C. § 3583(e)(1). With respect to modification, a district court may, after considering the Section 3553(a) factors, "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2).

By requiring courts to consider certain Section 3553(a) factors, Congress has indicated that the history and characteristics of the defendant, the nature of the offense, deterrence, public protection, training and education, the applicable guideline range for the offense, and avoidance

of unwarranted sentence disparities among similarly situated defendants are all relevant to a court's determination whether to terminate or modify a term of supervised release. *See United States v. McClamma*, 548 F. App'x 598, 599 (11th Cir. 2013) (*citing* 18 U.S.C. § 3583(e)(1)).

Moreover, while early termination is occasionally justified for exceptionally good behavior or other extraordinary circumstances, Section 3583 does not provide for early termination based solely on a defendant's compliance with the terms of his supervision. *See United States v. Reisner*, No. 4:06-CR-077-SPM, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008) (denying motion for early termination in view of the defendant's failure to "demonstrate exceptionally good behavior or other extraordinary circumstances sufficient to warrant early termination"); *United States v. West*, No. 5:00-CR-23(HL), 2011 WL 1458723, at *1 (M.D. Ga. April 15, 2011) ("However, while [the defendant's] conduct is certainly laudable, it is not exceptional to the extent that it warrants terminating the remainder of his supervised release. After all, being a productive member of society and exhibiting good behavior is what is expected of every individual, especially those who have been convicted of a criminal offense and are currently serving a term of supervised release."). Instead, early termination of supervised release should occur only when the defendant establishes "something exceptional or extraordinary warrants it." *United States v. Laine*, 404 F. App'x 571, 573–74 (3d Cir. 2010) (citation omitted). In short, taken alone, "[s]imple compliance with the conditions of supervised release [is] expected and not exceptional . . . ." *Id*. at 574.

Here, because the Defendant has completed more than one year of supervision, the question before the Court is whether early termination is both warranted by Defendant's conduct and is in the interest of justice. *See* 18 U.S.C. § 3583(e)(1). Other than his compliance thus far with the conditions of his supervised release, the Defendant's Motion fails to cite any facts that would establish some extraordinary or exceptional circumstances to warrant early termination of his

4

supervised release. The Defendant previously filed a motion for early termination which was denied, and he has failed to identify any significant change in his circumstances that would entitle him to early termination of his term of supervised release.

The government concurs with Probation's position that Defendant is not a good candidate for early termination of supervised release, and the government joins with Probation in opposing the Motion. According to the probation officer, the Defendant has complied with all terms of his supervised release since being release from prison in March 2017, and has not had a single violation. It is commendable that the Defendant has thus far completed the conditions of his supervised release without violation. Compliance, however, is something that is expected of all defendants. Standing alone, compliance is neither exceptional nor extraordinary. *Laine*, 404 F. App'x at 574; *cf. West*, 2011 WL 1458723, at *1 (finding the defendant's "extensive" community service and involvement in a local church unexceptional).

Additionally, the Section 3553(a) factors do not support an early termination of his supervised release. Defendant was a supplier in a serious criminal drug organization, and was convicted by a jury and sentenced to a 420-month term of imprisonment. Defendant was granted executive clemency, and ultimately served about 269 months of his 420-month term of imprisonment (approximately 64% of his sentence.) Defendant has previous federal felony convictions for being a felon in possession of a firearm and giving a false statement to acquire a firearm. PSI ¶ 27-28. Defendant also has state felony convictions for heroin possession, cocaine possession, battery on a police officer, and reckless display of a firearm. PSI ¶ 24-26. Defendant's 10-year term of supervision reflects the seriousness of his offense, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant. Defendant has only completed one-third of his term of supervised release, and the term of supervision will improve

the Defendant's odds of a successful transition from prison to liberty.

In sum, Defendant has offered nothing in order to carry his burden of demonstrating that early termination of his supervised release is warranted, other than the suggestion that he has complied with the term of supervised release imposed by this Court at his sentencing. Other than his compliance, the Defendant's Motion does not offer any facts to establish some extraordinary or exceptional circumstances to warrant early termination of his supervised release.

## CONCLUSION

Based upon the factors set forth in Section 3553(a) and the fact that the Defendant has not done anything exceptional or extraordinary, the Government respectfully requests that the Defendant's Motion to Terminate Supervised Release be denied.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/Manolo Reboso
Manolo Reboso
Assistant United States Attorney
FL Bar No. 75397
99 N.E. 4th Street, Suite 500
Miami, FL 33132
Tel# (305) 961-9214
Fax: (305) 536-7214
Manolo.Reboso@usdoj.gov

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 20, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

/s/Manolo Reboso
Manolo Reboso
Assistant United States Attorney